UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL W. WISE, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>G.E.O. INC., )<br>JENNIFER FRENCH Ms., )<br>)<br>Defendants. ) | No. 1:20-cv-00594-TWP-MPB |

**ENTRY SCREENING AND DISMISSING AMENDED COMPLAINT
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

**I. Screening of Complaint**

**A.**   *Legal Standards*

Plaintiff Michael W. Wise, Sr., is an inmate at New Castle Correctional Facility. His amended complaint was filed on March 26, 2020. Dkt. 11. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his amended complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's *pro se* amended complaint is construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

### B.   *Allegations*

The amended complaint names 14 defendants: 1) Robert E. Carter, Commissioner; 2) Mark Sevier; 3) Scott Fitch; 4) Jennifer French; 5) Officer Joseph; 6) Officer B. Privett; 7) Officer Soldaat; 8) Officer M. Lutz; 9) F. Owens; 10) Lt. Stevens; 11) Brian Huber; 12) Chris Long; 13) J. Dunn; and 14) Officer Chester Baker. For relief, Mr. Wise seeks injunctive relief and compensatory and punitive damages.

Mr. Wise alleges that he had worked on an off-grounds crew for 14 months when on December 13, 2019, one of the offenders on his crew was caught with over a pound of tobacco upon their return to the prison. When Mr. Wise went to work Monday December 16, he was told he was not going out. Even though Mr. Wise was not found to have tobacco, Ms. French decided to reclassify the entire crew. Mr. Wise was not given a hearing before he was removed from his job. His classification appeals were denied. Mr. Wise describes how each defendant played a part in removing him from his job and/or denying his appeals, but those details need not be outlined in this discussion.

### C.   *Analysis*

Mr. Wise's claims are brought pursuant to 42 U.S.C. § 1983. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or federal laws. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010).

Mr. Wise alleges that his due process and equal protection rights under the Fourteenth Amendment were violated when he was removed from his job after doing nothing wrong and without a hearing. He also alleges that his First, Fifth, and Eighth Amendment rights were violated.

Unfortunately for Mr. Wise, he has very little in the way of constitutional protections when it comes to losing the job he was assigned. Prisoners have no liberty or property interest in their jobs. *See Grady v. Kinder*, 799 F. App'x 925, 927 (7th Cir. 2020) ("removal from a prison job does not implicate liberty or property interests"); *Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 518 (7th Cir. 2018); *Soule v. Potts,* 676 F. App'x 585, 586 (7th Cir. 2017) ("The Constitution does not give prisoners any substantive entitlements to prison employment."); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *McGee v. Mayo*, 211 F. App'x 492, 494 (7th Cir. 2006).  Thus, any Fourteenth Amendment due process claim is **dismissed for failure to state a claim upon which relief can be granted.**

In addition, Mr. Wise alleges no facts that would support an equal protection claim. He alleges that he lost his job unfairly because he was part of a crew, a member of which tried to bring contraband into the prison. To succeed on such a claim Mr. Wise would have to establish that (1) he "was intentionally treated differently from others similarly situated and (2) there is no rational basis for the difference in treatment." *Paramount Media Grp., Inc. v. Vill. of Bellwood*, 929 F.3d 914, 920 (7th Cir. 2019) (internal quotation omitted). Prison officials decided to punish the entire crew because of the misdeeds of at least one inmate. The "similarly situated" inmates were the other offenders on the crew who also did not bring in contraband. They all, however, were treated the same way. Any equal protection claim is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Wise does not allege any facts that would support a claim under the First, Fifth, or Eighth Amendments, and therefore, those claims are also **dismissed for failure to state a claim upon which relief can be granted.**

To the extent Mr. Wise alleges that any defendants failed to comply with Indiana Department of Correction policy, this does not state a viable constitutional claim. A violation of a prison policy or state law does not support a constitutional claim. *See Beley v. City of Chi.* 901 F.3d 823, 828 (7th Cir. 2018) ("Mere violation of a state statute does not infringe the federal Constitution.") (internal quotation omitted).

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here.

## II.  Show Cause

The amended complaint must be dismissed for the reasons set forth above.  Mr. Wise shall have **through June 15, 2020,** in which to either **show cause** why Judgment consistent with this Entry should not issue or file a second amended complaint which cures the deficiencies discussed in this Entry. Any second amended complaint must contain the proper case number on the first page, 1:20-cv-00594-TWP-MPB.  A second amended complaint would completely replace the previous complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Wise fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**The clerk is directed** to update the docket to reflect the addition of the defendants named in the amended complaint - 1) Robert E. Carter, Commissioner; 2) Mark Sevier; 3) Scott Fitch; 4) Jennifer French (already on the docket); 5) Officer Joseph; 6) Officer B. Privett; 7) Officer Soldaat; 8) Officer M. Lutz; 9) F. Owens; 10) Lt. Stevens; 11) Brian Huber; 12) Chris Long; 13) J. Dunn; and 14) Officer Chester Baker – and **terminate defendant GEO Group.** Dkt. 11.

**IT IS SO ORDERED.**

Date:   5/18/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL W. WISE, SR.
980627
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362